UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEANDREW LA-RONN MENEFEE,<br><br>      Plaintiff,<br><br>      v.<br><br>COMMANDER MARZELLI, DEPUTY GONZALEZ, and WASHINGTON COUNTY JAIL,<br><br>      Defendants. | Case No. 3:24-cv-01337-YY<br><br>FINDINGS AND RECOMMENDATIONS |

**FINDINGS**

*Pro se* plaintiff Leandrew La-Ronn Menefee, an adult in custody in the Washington County Jail, has filed a complaint and an application to proceed in forma pauperis. In his complaint, plaintiff alleges that defendants "knowingly colluded and intentionally targeted [his] central nervous system using electromagnetic frequencies . . . [b]etter known as remote neuro monitoring." Compl. 4, ECF 2. Plaintiff contends that defendants have placed devices in his body to monitor his heart rate and blood pressure "giving rise to other electronic targeting to [his] central nervous system" and a "spy camera that looks like a contact lens" is "recording everything he sees." *Id.* He asserts that one of the defendants froze his fingers and toes by pressing buttons on his phone, causing his fingers to "turn purple." *Id.* He also alleges that a "baby hematoma" is growing on his forehead "from all the radiation" and there is a large growth the size of a "Teenage Mutant Ninja Turtle" over his left eye. *Id.* at 4, 5.

1 – FINDINGS AND RECOMMENDATIONS

Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without full prepayment of filing fees if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the inmate is under imminent danger of serious physical injury. "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

Plaintiff has had at least three qualifying strikes while incarcerated or detained: (1) *Menefee v. Tigard Police Department, et al.*, No. 3:20-cv-001497-AC, dismissed on March 9, 2021, for failure to state a claim; (2) *Menefee v. Washington County Jail, et al.*, No. 3:20-CV01498-AC, dismissed on December 10, 2020, for failure to state a claim; (3) *Menefee v. Washington County Jail*, No. 3:20-cv-01499-AC, dismissed on February 2, 2021, for failure to state a claim; and (4) *Menefee, et al., v. Washington County Circuit Court, et al.*, No. 3:20-cv-01647-AC, dismissed January 6, 2021, for failure to state a claim. Moreover, in the instant case, plaintiff has not made a credible allegation that he is under imminent danger of serious physical injury. Therefore, pursuant to 28 U.S.C. § 1915(g), plaintiff is prohibited from proceeding with this case without full prepayment of the filing fee.

Even if this court allowed plaintiff to proceed in forma pauperis, dismissal would be required pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." The IFP statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "Examples of the former class are claims against which it is clear that the defendants are immune from suit, . . . and [e]xamples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id*. at 327–28. "To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Payne v. Contra Costa Sheriff's Dep't*, No. C 02-2382CRB(PR), 2002 WL 1310748, at *1 (N.D. Cal. June 10, 2002) (citing *Denton v. Hernandez,* 504 U.S. 25, 32 (1992)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.*

Here, plaintiff's allegations that defendants have planted devices in his body, frozen his fingers with the push of a phone button, and caused him to suffer growths on his face are fantastic and delusional. Therefore, dismissal would be appropriate on that basis as well.

## RECOMMENDATIONS

Plaintiff's Application to Proceed In Forma Pauperis [1] should be denied and this case should be dismissed with prejudice.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, September 09, 2024. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

3 – FINDINGS AND RECOMMENDATIONS

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  August 19, 2024.

                                                             /s/ Youlee Yim You
                                                    Youlee Yim You
                                                    United States Magistrate Judge